### CHARLES H. PLATO, plaintiff in error, *v.* THE PEOPLE, defendants in error.

Where a person was arrested on a warrant issued by a justice of the peace
under the Revised Statutes, and chapter eighty-six, section fourteen of the
Laws of 1855, as a disorderly person, for making a noise and disturbance
of the public peace, &c., in a public place, and on being brought before
such justice, pleaded guilty, and was thereupon sentenced to three months
imprisonment in the county jail, and to pay a fine of $25, and afterwards
removed the proceedings by *certiorari* into the Supreme Court, and claimed
a reversal of the conviction on the ground that it was an infringement of the
provisions of the state constitution,, securing a right of trial by jury, and
declaring that no person shall be deprived of life, liberty or property
without due process of law (*Const., art.* 1, §§ 2 and 6), it was held, that no
such question could be raised on the record, the plaintiff in error having
pleaded guilty, and that to have put himself in a position to raise the con-
stitutional question, he should have pleaded not guilty, and demanded a
trial by jury, or offered to give bail to appear before the next grand jury to
answer to the charge, and the conviction was affirmed.

CERTIORARI to a justice of the peace.   Complaint was
made on oath to the justice, that Plato was a disorderly
person within the intent and meaning of chapter eighty-six,
section fourteen of the Laws of ·1855, and the Revised
Statutes ; for that Plato, on the 18th day of July, 1856,
in, &c., made a noise and disturbance of the public peace, and
did quarrel and fight in a public place, and in view from a
public place in said village (Niagara City), to wit, at, &c.
The justice issued his warrant, in which the substance of the
complaint was recited, and Plato was arrested and taken
before the justice.   The justice read the complaint to him as
stated in the warrant, and the defendant pleaded not guilty,
and upon his application the cause was adjourned to the next
day, when the defendant appeared and withdrew his plea of
not guilty, and plead guilty to the charge in the warrant.
The justice then adjudged and ordered that Plato be impri-
soned in the common jail of Niagara county for the term of

Plato *v.* The People.

three months, and that he pay a fine of $25, and that he stand committed until the fine should be paid, or until he should be discharged by due course of law.

Plato sued out a *certiorari* for the purpose of reversing the conviction and sentence.

*A. W. Brazee,* for the people.

*A. P. Floyd,* for Plato.

*By the Court,* MARVIN, J. — Plato objects that the law under which he was convicted and sentenced is unconstitutional, and therefore void. The act is an act to amend an act to provide for the incorporation of villages, so far as relates to the village of Niagara City, in the county of Niagara, passed March 26, 1855.

By the fourteenth section of the act (*Laws of* 1855, 129), it is declared that, in addition to those persons described in section one, title five, chapter twenty of the Revised Statutes, all riotous persons, or persons found quarreling or fighting in any alley, street or lane, or in any public place, or in view from any public place, street, lane or alley in said village ; any person who shall make an indecent exposure of his person in public view ; all persons who shall make a noise or disturbance of the public peace, &c., shall be deemed disorderly persons, and may be proceeded against and punished according to the provisions of this act. The next section provides who may arrest disorderly persons and take them before the justice " to be dealt with according to the provisions of the act." By section sixteen, when the person charged as a disorderly person is brought before the justice, the justice shall proceed, as soon as practicable, to hear, try and determine the complaint or charge on which such person is arrested, or he may adjourn the trial or hearing, &c., and upon conviction of any such offender, the justice shall have the power and is hereby authorized

to punish such offender by fine not exceeding $50, or by imprisonment in the jail of Niagara county, at hard labor or not, as such justice shall deem expedient, for a term not exceeding six months, or both such fine and imprisonment.

The counsel for Plato refers to the provisions of the constitution of this state, that " the trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever," and that "no person shall be deprived of life, liberty or property without due process of law." (*Art.* 1, §§ 2, 6.)

Plato did not offer to give bail for his appearance at the next criminal court having jurisdiction, nor did he plead not guilty and demand a trial by jury; but, on the contrary, he plead guilty to the charge. The questions presented by his counsel are not involved in the case. The legislature clearly had the power to make the acts complained of punishable as criminal offences, and there is nothing in the constitution restrictive of the power of the legislature to authorize a justice of the peace, upon conviction, to punish the offender by fine and imprisonment.

The Court of Special Sessions, under the act of 1845, is now composed of a single justice. If the prisoner, on being arrested and brought before the justice, in a case in which a Court of Special Sessions has jurisdiction, pleads guilty, I have no doubt the court has power to inflict the punishment provided by the law.

There is nothing in the constitution restraining the legislature from giving jurisdiction to a Court of Special Sessions of all the acts complained of in this case. The constitution provides that no person shall be held to answer for a capital or otherwise infamous crime, unless on presentment or indictment of a grand jury. Cases of petit larceny are excepted by this provision. The charges, as contained in the warrant, are, making a noise and disturbance of the public peace, and quarreling and fighting in a public place. Now, these acts are not "capital or otherwise infamous crimes." These acts or offences are not such as were, prior

Plato *v*. The People.

to the constitution, uniformily tried by jury. If the legislature, therefore, confers upon a Court of Special Sessions power to try these offences, in the absence of offered bail, the provision that trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever, is not infringed.

By the Revised Statutes, cases of assault and battery, not charged to have been committed wantonly or upon any public officer in the execution of his duties, were triable by a Court of Special Sessions, in the absence of offered bail. (2 *R. S.*, 711, *Law Rep.*, 815; *The People* v. *Kennedy*, 2 *Park. Cr. R.*, 312.) If the charge in the present case had been for an assault and battery, and the prisoner had offered bail or had requested to be tried by a jury, and the justice had refused the bail and a jury trial, the questions sought now to be raised could have been presented.

In my opinion, the conviction and sentence should be affirmed.